No. 13,642.

DANIEL *v.* SURRATT.

(46 P. [2d] 903)

Decided April 1, 1935.   Original opinion adhered to July 1, 1935.

Mr. JOHN B. BARNARD, Mr. C. FRED BARNARD, Messrs. BELLINGER & WEINMEYER on petition for rehearing, for plaintiff in error.

Mr. T. L. BARTLEY, Mr. A. T. STEWART, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THIS is an action in replevin by Mrs. Surratt to recover possession of an automobile upon which a levy was made under a writ of execution issued upon a creditor's judgment against her husband. Plaintiff prevailed in the lower court, and defendant Daniel, the constable who made the execution levy, brings the case here for review.

The case turns upon the question of delivery and actual and continued change of possession of the automobile following an assignment of the certificate of title by Surratt to his wife, and was presented to the court under the following stipulated facts:

In 1930, Surratt purchased the car involved, and gave a chattel mortgage for a balance of the purchase price. Certificate of title issued to him and he obtained a license for the car. During 1930, he incurred obligations, for which judgment was entered against him on March 29, 1932. Before April 22, 1931, demand for payment of some of the obligations being made upon him, he on that date assigned the certificate to his wife, Mrs. Surratt; certificate of title issued to her, and she gave a chattel mortgage on the car, and paid the mortgage previously given by Surratt. Both prior and subsequent to the date of assignment, Mrs. Surratt occasionally used the car in connection with her employment as a nurse. At the beginning of the year 1932, Mr. Surratt applied for and obtained a license for the car in his own name. At all times mentioned, the car was kept in the garage at the home occupied by Mr. and Mrs. Surratt at night, and in a public garage downtown, in the day time. On April 12, 1932, while the auto license stood in the name of Mr. Surratt, Daniel, the constable, levied upon, and took possession of the car, under a writ of execution and in less than 24 hours thereafter, it was taken by the sheriff of the county under the writ of replevin issued by the district court in this action which was instituted by Mrs. Surratt, under a claim of ownership. Since that time, plaintiff in error says the car has been in the possession

of the Surratts, until sold by them, and the sale price applied on the purchase of another car.

Daniel, as constable, is only the nominal plaintiff in error, since the action is prosecuted by the judgment creditor, who contends that in this case there was no delivery or actual or continued change of possession or any change of possession at all, and rests his position on section 5113, C. L. 1921, which is as follows: "Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the things sold or assigned, shall be presumed to be fraudulent and void, as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith, and this presumption shall be conclusive."

██ No testimony was taken in the case and there is nothing in the record to guide us as to the view taken by the trial court in its application of the above statute to the stipulated facts; however, plaintiff in error says the trial court held, in effect, that this particular statute no longer applies to automobiles. If the court so held, we do not agree with its conclusions. This statute was in full force and effect at the time of the trial. To provide, among other things, for more accuracy in, and security of, titles to motor vehicles, as between parties dealing therein, we have section 3, as amended by section 2, chapter 137, S. L. 1927, requiring registration of titles and establishing appropriate procedure. There is no repeal of the above mentioned statute of frauds, and there was and is no reason for its repeal. In order to acquire and complete ownership—except as between the parties—and to lift the suspicion of fraud as against creditors, the naked registration of title under the later statute is not sufficient. The required delivery and actual and continued change of possession is necessary. A joint or concurrent possession in both vendor and vendee, as is

likely to occur between members of a household, particularly husband and wife, as here, is not permissible, where the interests of creditors are involved. Even if it be proven that the sale was bona fide and no fraud intended, the case is not taken from under the statute. *Bassinger v. Spangler,* 9 Colo. 175, 10 Pac. 809. Only the legislature can remove the harshness of the application of this statute to such facts as are present in the case at bar.

It follows, that where the statute is applicable—as we determine it is in this case—then its full and exacting requirements must be met, and only facts making compliance impossible will be considered. There are no such facts present here. The question then is, do the stipulated facts justify the judgment? It is probable, that had the trial court believed, as we find, that the quoted statute is still applicable to automobiles, he would have given a different effect to the facts presented.

We are in as good a position to weigh the facts in this case as was the trial court, and when confronted with an unexplained assignment of title, made after the rights of creditors had accrued, with no stated consideration, we find that Mrs. Surratt failed to establish a sufficient compliance with the statute to sustain her claim of ownership as against a creditor of her husband, the vendor.

Judgment reversed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE BURKE specially concur.

MR. JUSTICE HILLIARD and MR. JUSTICE BOUCK dissent.

MR. CHIEF JUSTICE BUTLER, concurring.

I do not think that the act of 1927 requiring registration of title to automobiles repealed or amended C. L. section 5113 requiring change of possession. It does not do so expressly; and it does not do so by implication,

because there is no irreconcilable inconsistency or repugnancy between the two acts, and both can consistently stand together. The later act merely adds to the earlier the requirement that in the case of automobiles title shall be registered; it does not dispense with the necessity of a change of possession. True, it may seem unnecessary, or even unreasonable, to require a change of possession where the title is registered, but a court cannot dispense with a requirement imposed by the legislature merely because, in the opinion of the court, it is unnecessary or unreasonable.

In my opinion, the stipulated facts show that the assignment by the husband to the wife was not followed by an actual, continued change of exclusive possession of the automobile such as is required by the statute, as construed by this court.

For the reasons stated, I concur in the decision. Mr. Justice Burke concurs in the views herein expressed.